VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-341



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2023

Richard Strobl\* v. Christine Strobl

}   APPEALED FROM:
}
}   Superior Court, Windsor Unit,
}   Family Division
}   CASE NO. 169-5-13 Wrdm
    Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Father appeals from the denial of his motion to modify parental rights and responsibilities (PRR) and the denial of his motion to modify child support.  We affirm.

Mother and father are the parents of a son, born in November 2002.  In a May 2018 order, mother was awarded sole physical PRR subject to father's right to parent-child contact (PCC).  Father was directed to pay mother $406.82 in monthly child support.  In December 2018, son moved out of mother's home and began living with his adult sister.  In April 2019, son began living full-time with father.  During this time, the court found that both parents provided financial support for son.

In August 2019, father moved to modify child support.  He alleged that a change of circumstances existed because his income had decreased and son was living with him.  Father did not include a completed child-support-calculation worksheet with his motion or explain the amount of child-support reduction that he sought.  A magistrate judge denied father's request in August 2019.  The magistrate explained that, under 15 V.S.A. § 660(b), a child-support order that varies more than ten percent from the amounts required to be paid under the support guideline is considered a real, substantial, and unanticipated change of circumstances.  A motion to modify a support order under § 660(b) must be accompanied by an affidavit setting forth calculations demonstrating entitlement to a modification.  See id. § 660(d).  The magistrate found that father's allegation that his income "was reduced by more than more than 10%" due to surgery he underwent eight months ago did not fall within the definition of a real, substantial, and unanticipated change of circumstances under 15 V.S.A. § 660.  The magistrate further found that with respect to son's residence, the existing PRR order awarded mother sole legal and physical parental rights and responsibilities and in calculating child support, it must allocate

parenting time based on that order. The magistrate thus found no changed circumstances to support modification of the existing child-support order.

Father appealed this decision to the trial court and moved to modify PRR. In a November 2022 order, the court affirmed the magistrate's child-support ruling and denied father's motion to modify PRR. It found that father failed to include "an affidavit setting forth calculations demonstrating entitlement to modification," as required by 15 V.S.A. § 660(d), which was fatal to his request. The court added that, in a case like this one where one party has sole physical custody of a child, the calculation of child support does not rest on the amount of time each parent actually spends with a child. See id. §§ 656(a), 657. Divisions of PCC time were considered only if an existing PRR/PCC order was for shared or split physical custody. Accordingly, the court explained, because the existing PRR order had not yet been modified, the alleged change in son's living circumstances did not support a modification of child support. The court noted that father could have filed a new motion to modify child support and corrected the procedural and substantive shortcomings identified by the magistrate, but he did not do so. Instead, he appealed to the trial court.

Turning to PRR and PCC, the court explained that, at the time the magistrate denied father's child-support motion, father's pending motion to modify PRR and PCC had not yet been adjudicated. These motions remained pending for an extended time. A hearing was scheduled for December 2020, but prior to that date, the court issued an order stating that, absent objection, the motion would be denied for lack of jurisdiction given that son would turn eighteen in November 2020. The hearing was nonetheless commenced as scheduled but not completed. The final hearing was held in June 2022.

The court found that, while son's decision to move in with father constituted a substantial, material, and unanticipated change in circumstances, it lacked jurisdiction to make a PRR/PCC order once son turned eighteen. By statute, it could make such orders only for a "minor child of the parties." Id. § 665(a). Son was no longer a minor; he was twenty years old at the time of the court's decision. The court added that the existing PRR/PCC order father sought to modify had also expired given son's age. The court rejected father's assertion that it could retroactively modify PRR/PCC to enable father to retroactively modify child support. It explained that while the law allowed child support to be modified retroactively, PRR and PCC orders were prospective in application. They could not be made retroactive because parties subject to the order had no ability to turn back the clock and change their behavior to comply with such an order. The court thus denied father's motion. This appeal followed.

Father first argues that he sufficiently alleged changed circumstances to support modification of the child-support order, citing son's decision to move in with him. He also references his decreased income. He suggests that the court should have run the guideline calculation itself, using figures in his financial disclosure. Father also contends that the court should have held a hearing on his motion to modify child support.

There was no error. Child support orders may be modified "upon a showing of a real, substantial and unanticipated change of circumstances." 15 V.S.A. § 660(a). "Presence of a change of circumstances is a jurisdictional prerequisite to consideration of a motion to modify." Smith v. Stewart, 165 Vt. 364, 374 (1996). As set forth above, the law requires that a "motion to modify a support order under subsection (b) or (c) of this section . . . be accompanied by an

affidavit setting forth calculations demonstrating entitlement to modification." 15 V.S.A. § 660(d). Father failed to comply with this requirement. Assuming arguendo that father argued below that this requirement did not apply to him, the law plainly puts the burden on the movant to provide a supporting affidavit; it does not require the magistrate or trial court to make the calculation.

Father moved for relief based on an alleged ten-percent deviation in his income. To the extent the argument can be understood, father fails to show that he argued below that he "submitted a request under a(1) and 2(b)," or that "the statute only requires a meant test [sic] for sections (b) and (c)." See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."); In re S.B.L., 150 Vt. 294, 297 (1988) (explaining that appellant bears burden of demonstrating how trial court erred warranting reversal, and Supreme Court will not comb record searching for error); see also V.R.A.P. 28(a)(4) (providing that appellant's brief should explain what issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to authorities, statutes, and parts of record relied upon).

Son's decision to move in with father did not constitute changed circumstances for the reasons set forth above. As the court explained, mother had sole physical custody under the existing order and thus, the calculation was based on the parties' income, not the amount of time the child spent with each parent. See 15 V.S.A. § 656(a) (stating that, "[e]xcept in situations where there is shared or split physical custody, the total child support obligation shall be divided between the parents in proportion to their respective available incomes"); and cf. id. § 657 (explaining that "[w]hen each parent exercises physical custody for 30 percent or more of a calendar year, the total child support obligation shall be increased by 50 percent to reflect the additional costs of maintaining two households," and "[e]ach parental support obligation shall be determined by dividing the total support obligation between the parents in proportion to their respective available incomes and in proportion to the amount of time each parent exercises physical custody"). Given father's failure to show changed circumstances, no hearing was required, assuming arguendo that one was requested.

With respect to PRR, father appears to argue that the law allowed the court to modify the 2018 order notwithstanding son's age and that he was denied a remedy due to the delay in adjudicating his request.*

Again, there was no error. The court is authorized only to "make an order concerning parental rights and responsibilities of any minor child of the parties." Id. § 665(a). The fact that there was a delay in adjudicating the motion does not provide the court with authority to issue a PRR/PCC order for an adult. We reject father's assertion that the court otherwise retained jurisdiction to issue a PRR/PCC order. Father's reliance on case law involving retroactive child-support payments is misplaced given that such orders are expressly allowed by statute. See 15 V.S.A. § 660(e) (allowing for modification of child support as of date that motion to modify is

---

* In his brief, father makes a fleeting reference to a violation of his due-process rights without further explanation or briefing; therefore, we do not address it. See State v. Jewett, 146 Vt. 221, 221 (1985) (declining to address inadequately briefed constitutional argument).

filed).  The law contains no corollary for PRR/PCC orders, nor would it make sense to do so for the reason articulated by the trial court.  Father's motions to modify were properly denied.

Affirmed.

BY THE COURT:

 

Karen R. Carroll, Associate Justice

 

William D. Cohen, Associate Justice

 

Nancy J. Waples, Associate Justice